UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Glen Edward Underdahl,

           Plaintiff,

vs.                     REPORT AND RECOMMENDATION

Polk County Sheriff's Office,
Brian Lundeen, Dave Emanuel,
Nathan Brouse, Phil Juve, and
Nathan Rasch,

           Defendants.       Civ. No. 09-1063 (PJS/RLE)

* * * * * * * * * * * * * * * * * *

This matter came before the undersigned United States Magistrate Judge upon the routine supervision of cases filed in this Division, and upon a general assignment made in accordance with Title 28 U.S.C. §636(b)(1)(B).

The action was commenced on May 5, 2009, by the filing of a Complaint with the Clerk of Court. See, Docket No. 1. On March 17, 2010, it having appeared that one hundred and twenty (120) days had passed, and the Defendants had not been served with the Complaint and Summons as required by Rule 4(m), Federal Rules of Civil Procedure, this Court issued an Order, which stated as follows:

> That the Plaintiff is directed to show good cause, in writing, within twenty (20) days of the date of this Order, for an extension of time in which service can be effectuated. In the absence of good cause shown, the Court shall recommend that this action be dismissed for failure to effect proper service, and for failure of prosecution.

Docket No. 17, at p. 2 of 2.

To date, the Plaintiff has failed to abide by the terms of our Order of March 17, 2010.[1] Since we have previously forewarned the Plaintiff of the potential consequences for the failure to timely serve the Defendants, and to abide by the Orders of this Court, we recommend that this action be dismissed, for failure to comply with this Court's Order of March 17, 2010, for failure to effect proper service, and for lack of prosecution.

NOW, THEREFORE, It is --

---

[1] It appears likely that the Plaintiff did not receive a copy of our Order of March 17, 2010, since that Order, which was mailed to the Plaintiff, was returned to the Clerk's Office as undeliverable, on March 26, 2010. See, Docket No. 18. However, it is the Plaintiff's responsibility to keep the Court advised of his current whereabouts.

RECOMMENDED:

That this action be dismissed, without prejudice, for failure to comply with this Court's Order of March 17, 2010, for failure to effect proper service on the Defendants, and for lack of prosecution.

BY THE COURT:

Dated: May 10, 2010                *s/Raymond L. Erickson*
                                   Raymond L. Erickson
                                   CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May 24, 2010,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than May 24, 2010,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.